THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS ARTURO MAGANA-RAMIREZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C25-1104-JCC

ORDER

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1). Having thoroughly considered the briefing and the relevant record, the Court (a) DENIES Petitioner's request for an evidentiary hearing, (b) DISMISSES the § 2255 motion, and (c) DENIES Petitioner a certificate of appealability for the reasons explained herein.

Petitioner was arrested for his role in a drug trafficking scheme and then charged by Second Superseding Indictment with Conspiracy to Distribute Controlled Substances, Attempted Possession with Intent to Distribute Controlled Substances, and Possession of Firearms and Ammunition by an Illegal Alien. *See United States v. Luis Arturo Magana-Ramirez*, Case No. CR20-0092-JCC-3, Dkt. Nos. 1, 83, 378 (W.D. Wash. 2021). Petitioner later agreed to plead guilty to the first and third crimes, namely the conspiracy and firearm charges. *See id.*, Dkt. No. 807 at 1–2. In exchange, the Government dismissed the remaining charge (attempted drug

ORDER
C25-1104-JCC
PAGE - 1

possession). *See id.* at 13. It also stipulated to a sentencing calculation (pursuant to the United States Sentencing Guidelines) with a total offense level of 41 (resulting in a guideline range of 324–405 months based on Petitioner's criminal history). *See id.* at 10, 11. Finally, the Government committed to a custodial recommendation not exceeding 204 months. *Id.*

With this agreement in-hand, Petitioner entered guilty pleas to the two crimes described above. *See id.*, Dkt. Nos. 805, 836. During sentencing, Defense counsel argued for a custodial term not to exceed 130 months—the Government sought a term of 204 months. *See id.*, Dkt. Nos. 1136, 1137. The Court sentenced Petitioner to 204 months for the conspiracy crime and 120 months for the firearm crime, to run concurrently. *Id.*, Dkt. No. 1275 at 2.[1]

Petitioner now moves to vacate his sentence, alleging that his representation was ineffective. (Dkt. No. 1.) To clarify, the Court appointed three attorneys to represent Petitioner over the course of his criminal case. *See Magana-Ramirez*, Case No. CR20-0092-JCC-3, Dkt. Nos. 81, 291, 1159. The instant motion takes issue with first two: Michael Martin (lead CJA appointment) and Abigail Cromwell (junior CJA appointment). (*See generally* Dkt. Nos. 1, 1-1, 1-2.) Collectively, they negotiated Petitioner's plea bargain agreement and argued for his resulting sentence. (*See id.*)[2]

In general, a federal prisoner may petition to vacate his sentence if unconstitutional or illegally imposed. 28 U.S.C. § 2255(a). Although, as a preliminary matter, the Court need not hold an evidentiary hearing on a § 2255 motion if the record "conclusively shows that the

---

[1] These sentences were imposed by amended judgment. *Id.* at 1. The conspiracy crime is subject to a ten-year mandatory minimum sentence while the firearm crime is subject to *no more* than a ten-year sentence. 18 U.S.C. § 922(g)(5)(A); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). The original judgment reflected a total sentence of 204 months but did not distinguish the sentences imposed by crime. *See id.*, Dkt. No. 1145 at 2. The amended judgment followed the Ninth Circuit Court of Appeals' reversal and remand for this reason. *See United States v. Magana-Ramirez*, 2024 WL 4919532, slip op. at 1 (9th Cir. 2024).

[2] Petitioner does not take issue with the performance of the third appointed attorney, Gene Vorobyov, who represented him during resentencing (following a Ninth Circuit remand). *See Magana-Ramirez*, Case No. CR20-0092-JCC-3, Dkt. Nos. 1159, 1278.

ORDER
C25-1104-JCC
PAGE - 2

prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In other words, the Court may summarily dismiss a petition when the allegations contained therein "fail to state a claim for relief" or are so "palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).[3]

In this instance, Petitioner's § 2255 motion is based solely on allegedly ineffective assistance of counsel. (*See generally* Dkt. No. 1.) This is unsurprising because, as condition of his plea agreement, Petitioner waived all other appeal rights. *See Magana-Ramirez*, Case No. CR20-0092-JCC-3, Dkt. Nos. 801 at 14–15.) As to the ineffective assistance claim(s), indeed, a criminal defendant is constitutionally guaranteed the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that he received ineffective assistance, Petitioner must first show that his attorney provided an objectively unreasonable performance by pointing to specific acts or omissions that "were outside the wide range of professionally competent assistance." *Id.* at 690. He must also show that, but for his attorney's ineffectiveness, "the result of the proceeding would have been different." *Id.* at 694. The Court's scrutiny of counsel's performance "must be highly deferential," and Petitioner must overcome the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance." *Id.* at 689.

Petitioner's § 2255 motion and supporting papers[4] affirmatively articulate four

---

[3] While the petitioner need not "detail his evidence," he must make "specific factual allegations which, if true, would entitle him to relief." *Baumann*, 692 F.2d at 571. For this reason, "conclusory statements . . . are not enough to require a hearing" nor is a hearing required if the motion can be "conclusively decided on the basis of documentary testimony and evidence in the record." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

[4] In addition to his motion, Petitioner provides the Court with a memorandum of points and authority in support (Dkt. No. 1-2) and a personal declaration (1-1). Like the motion, they largely contain conclusory allegations lacking specific detail. (*See generally* Dkt. Nos. 1-1, 1-2.) Nevertheless, in the interest of completeness, the Court addresses all issues raised in Petitioner's papers (Dkt. Nos. 1, 1-1, 1-2).

ORDER
C25-1104-JCC
PAGE - 3

boilerplate claims for relief, although they are compound in nature. (*See* Dkt. Nos. 1 at 4–8; 1-1 at 1–3; 1-2 at 3–8.) In sum, though, the asserted deficiencies (individually and collectively) are inadequately pleaded and, thus, do not plausibly satisfy *Strickland*. Thus, Petitioner provides the Court without bases for the relief he seeks or an evidentiary hearing regarding the same.

First, as to pretrial proceedings: Petitioner contends that counsel, by failing to object, file motions, apprise him of facts, and explain the risks and rewards of taking his case to trial, failed to "zealously represent Petitioner during the pretrial . . . stage." (Dkt. Nos. 1 at 4, 8; 1–2 at 5.) He further asserts counsel failed to share discovery with Petitioner, "misleaded [sic] or deceived Petitioner," did not describe the elements of each crime, and neglected to explain the rights he would be waiving by pleading guilty. (Dkt. Nos. 1 at 5–8; 1-1 at 1–2.) Petitioner also contends that counsel coerced him into pleading guilty. (*See* Dkt. No. 1 at 5, 7; 1-1 at 1.) Finally, says Petitioner, he was unable to effectively communicate with counsel, whether that be due to language barriers, or for other reasons. (*See* Dkt. No. 1-1 at 1, 1-2 at 7.) These assertions are not supported by specific allegations. (*See generally* Dkt. Nos. 1, 1-1, 1-2.) And they are belied by the record.

Petitioner affirmatively responded to the Court at his change of plea hearing, that he was "satisfied with [his] representation and the advice received [from counsel]." (Dkt. No. 15-1 at 11.) And he later indicated to the Court that he understood the rights he would give up by pleading guilty. (*Id.* at 5, 10, 11, 14, 15, 23.) Further, as is the norm, the Assistant United States Attorney reviewed the elements of each crime for the Court, which Petitioner indicated he understood. (*Id.* at 16–18.) Counsel's declaration and case file, submitted as Exhibit C to the Government's response,[5] summarizes communications between defense counsel and Petitioner. It supports, rather than refutes, the notion that counsel effectively and diligently communicated with Petitioner (including sharing discovery, subject to Court-established limitations). It also

---

[5] The Court reviewed these materials *in camera*, pursuant to General Orders 09-24 and 07-25 governing the transmission and retention of highly sensitive documents.

ORDER
C25-1104-JCC
PAGE - 4

provides a rationale why counsel declined to move to dismiss Petitioner's criminal case. In sum, nothing in this record supports the notion that counsel lacked diligence in defending Petitioner, failed to share discovery with Petitioner, or more generally ineffectively advised or communicated throughout the pendency of the criminal matter.

Second, as to sentencing: Petitioner asserts counsel should have lodged objections or made various arguments which he failed to do. (Dkt. Nos. 1 at 8, 1-1 at 2.) But, again, Petitioner fails to explain *what* objections or arguments should have been made. (*See generally* Dkt. Nos. 1, 1-1, 1-2.) Regardless, to the extent there was error on counsel's part as to sentencing, it was cured by the direct appeal of his criminal case, which resulted in a remand and resentencing. *See Magana-Ramirez*, 2024 WL 4919532, slip op. at 1.

Third and finally, as to Petitioner's appellate rights: the Court explained at the change of plea hearing and again at sentencing the circumscribed nature of these rights. (*See* Dkt. Nos. 1-1 at 11, 15, 16; 1-2 at 15.) Further, the Government's Exhibit C supports the notion that Petitioner fully understood those rights. Should there be any doubt, Petitioner lodged on appeal consistent with those rights. *See Magana Ramirez*, Case No. CR20-0092-JCC-3, Dkt. No. 1153. Therefore, even if counsel's performance on this issue were deficient, Petitioner fails to establish prejudice.

For the reasons described above, the Court DECLINES to hold an evidentiary hearing. This is because it finds, based on the undisputed record, that Petitioner fails to state a claim for § 2255 relief.

In addition, the Court (when issuing a final order denying relief under 28 U.S.C. § 2255) must determine if a certificate of appealability should issue. *See* 28 U.S.C. § 2253. To grant one, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The Supreme Court has clarified that a petitioner makes such a showing when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On this record, no reasonable jurist

ORDER
C25-1104-JCC
PAGE - 5

could find that Petitioner's conclusory and unsupported assertions entitle him to relief of any kind. Thus, there is no basis for a certificate of appealability.

Accordingly, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is DISMISSED with prejudice. Petitioner's request for an evidentiary hearing is DENIED, as is a certificate of appealability. The Clerk is DIRECTED to close this case.

So ORDERED this 15th day of April 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1104-JCC
PAGE - 6